UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**CHERYL WEIMAR and**
**KARL WEIMAR,**

      **Plaintiffs,**

v.                                    **CASE NO: 4:19-cv-427**

**THE FLORIDA DEPARTMENT**
**OF CORRECTIONS, an agency of the**
**State of Florida,**
**JOHN DOE 1, an individual,**
**JOHN DOE 2, an individual,**
**JOHN DOE 3, an individual,**
**JOHN DOE 4, an individual,**

      **Defendants.**
_____/

## DEFENDANT'S RESPONSE TO EMERGENCY MOTION TO DOCUMENT PLAINTIFF CHERYL WEIMAR'S INJURIES, PHYSICAL CONDITION, AND MENTAL CONDITION WITH PHOTOGRAPHS AND VIDEOS AND TO PRESERVE EVIDENCE

The Defendant State of Florida, Department of Corrections ("DOC"), responds pursuant to the Court's Order Directing Expedited Response (Doc. 5) to the Plaintiffs' Emergency Motion to Document Plaintiff Cheryl Weimar's Injuries, Physical Condition, and Mental Condition with Photographs and Videos and to Preserve Evidence," (Doc. 4), ("Motion"). The Defendant believes this response to be moot because opposing counsel has informed DOC

that he intends to appear at the hospital where the Plaintiff Cheryl Weimar is located, regardless of the Defendant's response. In order to avoid disruption the Defendant will allow the Plaintiff's counsel and investigator to engage in photography and video-recording. It will insist that the interior window of the room adjacent to the hallway be left open so that the photography and video recording can be visually observed by the DOC's security personnel and counsel. In further response the Defendant says as follows.

The Plaintiffs ask the Court "to permit their counsel to document the Plaintiff Cheryl Weimar's injuries, physical condition, and mental condition with photographs and videos." As the Plaintiffs' Motion notes, the Defendant has never denied the Plaintiff access to her attorneys. The issues addressed in the Plaintiffs' Motion arose only in the context of the Plaintiffs' intention to bring photography and video-recording equipment into the location in which the Plaintiff was located, a hospital which is not a DOC facility but in which the Plaintiff, an inmate in the custody and control of the DOC is being treated.

The Defendant does not object to the Plaintiffs' counsel access to photograph and video the Plaintiff, who is an inmate under the custody and control of the DOC but currently is being treated at a hospital which is not a DOC facility. But because the Plaintiff Weimar is under the custody and control

of DOC, her current location must be treated in a way which protects the security of that location. DOC therefore wished the Court's Order directing access to include certain conditions.

In order to prepare for its response, the Defendant conferred in an attempt to agree to the following conditions which would be imposed due to the Plaintiff's status as an inmate under the custody and control of DOC, including advance notice and the ability of DOC attorneys visually to observe the photography and video recording. In the midst of these discussions, Plaintiffs' counsel announced that he and his investigator would appear at the Hospital on Saturday, September 7, 2019, at 1:00 p.m., regardless of the response and the conditions which were sought in the discussions. The Defendant, in order to avoid disruption, will allow the Plaintiffs' attorney and investigator access.

The conditions which the Defendant sought, which appear to be moot were as follows:

1. The individual(s) granted access to the Plaintiff must have passed the requisite background check to visit an inmate;

2. The visit must be scheduled with no less than 24 hours' advance notice in order to provide the Defendant sufficient time to ensure proper security measures can be taken;

3. The Defendant is permitted to have security personnel and its counsel visually observe the photography, out of earshot. The parties have agreed that the observation may occur from outside the room in which the Plaintiff's located, through an interior window; and

4. The pictures and videos must be limited in scope to the Plaintiff and will not include the space in which she is currently being treated at a hospital, for the limited purpose of "document[ting] Plaintiff Cheryl Weimar's condition through photographs and videos as evidence in this matter." (Doc. 4 at ¶ 11).

    Respectfully submitted,

    /s/Thomas M. Gonzalez
    Thomas M. Gonzalez
    Florida Bar No. 192341
    GrayRobinson, P.A.
    401 East Jackson Street, Suite 2700
    Tampa, Florida 33602
    Telephone: (813) 273-5000
    Facsimile: (813) 273-5145
    thomas.gonzalez@gray-robinson.com
    Attorney for the Defendant

## LOCAL RULE 7.1(F) CERTIFICATE

Pursuant to Rule 7.1(F) of the Local Rules of the Northern District of Florida, the undersigned hereby certifies that the foregoing response contains 809 words.

/s/Thomas M. Gonzalez
Thomas M. Gonzalez

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished this 6th day of September, 2019, by CM/ECF electronic filing to the Clerk of Court and to the following:

Ryan J. Andrews
John M. Vernaglia
Steven R. Andrews
The Law Offices of Steven R. Andrews, P.A.
822 North Monroe Street
Tallahassee, Florida 32303
ryan@andrewslaw.com
john@andrewslaw.com
steve@andrewslaw.com

/s/ Thomas M. Gonzalez
Attorney
